United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-35188** |
| **LORA LORETTA DOYEN,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | **CHAPTER 13** |

## MEMORANDUM OPINION

The Internal Revenue Service contends that Lora Loretta Doyen's case should be dismissed

with prejudice for a period of one year for bad faith and because there is an absence of reasonable

likelihood of rehabilitation. On April 10, 2024, May 22, 2024, and May 30, 2024, the Court held

a hearing on this matter. For all the reasons stated herein, the Court finds that the Internal Revenue

Service has not met its burden to show cause to dismiss this case and that the motion is denied

without prejudice.

### I.   BACKGROUND

1. On December 31, 2023, Lora Loretta Doyen ("*Debtor*") filed the instant case under Chapter 13 of the Bankruptcy Code.[1]

2. On February 8, 2024, the Internal Revenue Service ("*IRS*") filed its, "United States' Motion to Dismiss Case with Prejudice and Supporting Brief"[2] ("*Motion*").

3. On March 1, 2024, Debtor filed her, "Debtor's Response to United States' Motion to Dismiss Case with Prejudice Filed 2/8/2024 and Request for Hearing"[3] ("*Response*").

4. On March 1, 2024, the IRS filed its, "United States' Reply to Debtor's Late Response (ECF No. 22) to United States' Motion (ECF No. 19) to Dismiss Case, and Supporting Brief"[4] ("*Reply*").

---

[1] ECF No. 1.
[2] ECF No. 19.
[3] ECF No. 22.
[4] ECF No. 23.

5. On April 10, 2024, May 22, 2024, and May 30, 2024, the Court held a hearing on this matter and now issues its instant Memorandum Opinion.

## II.    JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[5] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[6] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this is a core proceeding as it concerns the administration of the estate. This proceeding is also core under the general "catch-all" language because a motion to dismiss a bankruptcy case is the type of proceeding that can only arise in the context of a bankruptcy case.[7]

This Court may only hear a case in which venue is proper.[8]  Pursuant to 28 U.S.C. § 1408(1), venue is proper in this case. While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[9] As discussed, a motion to dismiss a bankruptcy case is a core matter. Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[10] Alternatively, this Court has constitutional authority to enter a final

---

[5] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

[6] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[7] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.*), 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).

[8] 28 U.S.C. § 1408.

[9] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[10] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[11] None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

### III.   ANALYSIS

The IRS, by its Motion, seeks dismissal of Debtor's Chapter 13 case for cause with prejudice to refiling for a period of one year under § 1307(c) for (1) bad faith, and (2) because there is an absence of reasonable likelihood of rehabilitation.[12] As a preliminary matter, the Court quickly dispenses with the IRS' second argument, as it is not an enumerated ground for dismissal in § 1307(c).[13] While § 1307(c) is non-exhaustive, whether or not the Debtor has a reasonable likelihood of reorganizing is an issue to be considered at confirmation pursuant to § 1325(a)(6) as opposed to dismissal under § 1307(c).

Thus, the Court will consider the IRS' remaining argument for bad faith dismissal.

#### A. Dismissal for Bad Faith Under § 1307(c)

Section 1307(c) enumerates a non-exhaustive list of grounds in which a debtor's bankruptcy case can be dismissed. Although § 1307(c) does not specify bad-faith conduct as cause for conversion or dismissal, "[b]ankruptcy courts nevertheless routinely treat dismissal for...bad-faith conduct as implicitly authorized by the words for cause."[14] In addressing the role of bad faith, the Supreme Court stated that "a debtor who acts in bad faith prior to, or in the course of, filing a

---

[11] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").
[12] ECF No. 19.
[13] *See* 11 U.S.C. § 1307(c).
[14] *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373 (2007).

Chapter 13 petition by, for example, fraudulently concealing significant assets, thereby forfeits his right to obtain Chapter 13 relief."[15] The Supreme Court did not specify what specific conduct qualifies as bad faith, but "emphasize[d] that the debtor's conduct must, in fact, be atypical."[16]

The Fifth Circuit also has held that "cause" can be a lack of good faith in the prosecution of the bankruptcy case.[17] In fact, the *Little Creek* court said that "[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings."[18] In *Little Creek*, the Fifth Circuit advocates for a totality of the circumstances approach because a finding of a lack of good faith is typically "predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than any single datum."[19] A bankruptcy court reaches a finding of lack of good faith based "upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities."[20] However, the movant bears the burden of proving that the alleged "cause" exists by a preponderance of the evidence.[21] The evidence to demonstrate bad faith should "rise to the level of egregiousness necessary to conclude that the reorganization process is being perverted."[22]

Here, it is first notable that the IRS' primary argument, and most of the evidence deduced at the Hearing, focuses on the Debtor and her non-filing spouse's prepetition willful avoidance of their tax obligations and their living a lavish lifestyle at the expense of fulfilling their tax

---

[15] *Id.*

[16] *Id.* at 375, n.11; *see In re Jacobsen*, 609 F.3d 647 (5th Cir. 2010).

[17] *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071–72 (5th Cir. 1986).

[18] *Id.*; *see also In re Humble Place Joint Venture*, 936 F.2d 814, 817–18 (5th Cir. 1991); H. Miles Cohn, Good Faith and the Single–Asset Debtor, 62 AM. BANKR. L. J. 131, 132–36 (1988).

[19] 779 F.2d at 1072

[20] *Id.* at 1072.

[21] *In re TMT Procurement Corp.*, 534 B.R. at 918 (citing to *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994)); *see also* 5 Norton Bankr. L. & Prac. 3d § 103:6.

[22] *In re Little Creek*, 779 F.2d at 1073.

obligations.[23] While bankruptcy is historically reserved for the "honest but unfortunate debtor",[24] it is simultaneously undeniable that many debtors who enter bankruptcy in reality are often negligent, reckless, and sometimes even willful in the conduct that led them to this Court. However, this does not per se deprive them of the ability to seek bankruptcy protection and each debtor must be considered as a whole when evaluating bad faith.[25] While this Court is empowered to consider the prepetition conduct of debtors in evaluating bad faith,[26] much of the evaluation of prepetition conduct is still focused on determining a debtor's intention to use bankruptcy for legitimate purposes and to reorganize, even if that debtor made imprudent decisions prepetition.

Bankruptcy will always have the collateral effect of temporarily halting and frustrating collection activity, but the mere fact that bankruptcy is filed on the eve of trial, judgment, or foreclosure does not impute bad faith automatically as the IRS suggests.[27] This is, in fact, quite common. Most of the caselaw, including cases cited by the IRS, in which cases are dismissed for tax reasons are the result of the debtor's post-petition failure or, in some cases, deliberate unwillingness to pay their taxes or file their returns.[28]

Here, almost all of the conduct complained of occurred prepetition and the Court did not receive sufficient evidence to conclude that Debtor is deliberately abusing the bankruptcy process or does not intend to propose a confirmable plan. However, with this said, the Court did receive some concerning evidence that the Debtor and her non-filing spouse have not yet paid their 2023 taxes (although have obtained an extension to file), and that Debtor's non-filing spouse, whose

---

[23] *See* ECF No. 19; hearing testimony.
[24] *Marrama*, 549 U.S. at 366.
[25] *Little Creek*, 779 F.2d at 1072.
[26] *Id.*
[27] ECF No. 19 at 2.
[28] *In re Shugrue*, 221 B.R. 394, 395 (Bankr. W.D. Tex. 1998); *Howard v. Lexington Invs., Inc.*, 284 F.3d 320 (1st Cir. 2002); *In re Nygaard*, 213 B.R. 877 (Bankr. M.D. Fla. 1997); In re Koval, 205 B.R. 72 (Bkrtcy. N.D. Tex. 1996).

income is essential to the plan, has been under withholding his W2 taxes during the pendency of this case.[29] This, in conjunction with the egregious nature of Debtor and her non-filing spouse's years long prepetition failure to fulfill their tax obligations to the tune of millions, makes this Motion a close call. Should Debtor or her non-filing spouse fail to fulfill their obligations to the IRS in the future during the pendency of this case, it could be cause for reconsideration of dismissal with prejudice under § 1307. However, for now, as stated, the Court finds that cause does not exist to dismiss this case.

Accordingly, the Motion is denied without prejudice subject to Debtor meeting the conditions and requirements as delineated in this Court's accompanying Order.

### IV.    CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED June 25, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[29] Hearing testimony.